FRANK MILLER *vs.* JOHN MORGAN & another.

Essex.    November 3.—4, 1886.    DEVENS, W. ALLEN, & GARDNER, JJ., absent.

The 33d rule of the Superior Court, of 1874, prescribes that the general form of verdict shall be, if for the plaintiff, " The jury find for the plaintiff, and assess damages in the sum of ———." In an action in that court against two defendants, the jury returned a paper, signed by the foreman, and not entitled with the name of the action, in the following words : " Verdict for plaintiff in the sum of," and stating the amount. This was accepted as a verdict, and assented to by the jury. *Held*, that the defendants had no ground of exception.

CONTRACT upon a promissory note, payable to the order of the plaintiff, and signed by the defendants.    Answer: 1. A general denial.    2. Payment.    Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

The action was tried upon the issues presented by the pleadings. The jury retired with the papers, after being charged by the judge, and were furnished with two printed blanks in the ordinary forms required by the rules of court.* They subsequently came into court, and handed the following paper to the clerk, which was read by the clerk to the jury, and assented to by them: "First Jury, June 8, 1886. Verdict for plaintiff in the sum of four hundred twenty-one and 73-100 dollars. $421.73. W. T. George, Foreman." The verdict was affirmed, as appears by a copy of the record attested by the clerk.†

The defendants filed a motion in arrest of judgment, for the following reasons : " 1. That by the record the paper filed in

---

* The 33d rule of the Superior Court, of 1874, in force on June 8, 1886, when the verdict was rendered, prescribed that " The general form of verdicts shall be as follows: If for plaintiff, '*The Jury find for the plaintiff, and assess damages in the sum of* ——;' if for defendant, '*The Jury find for defendant*,' unless the court shall in particular cases otherwise order." The 44th common law rule, which took effect on July 1, 1886, is in similar language.

† The record, so far as it related to the verdict, was, as follows : " After a full hearing, the cause was committed to a jury sworn to try the issue, who returned their verdict therein as follows, viz. : ' Verdict for plaintiff in the sum of four hundred twenty-one and 73-100 dollars.' "

said cause, and called a verdict, has nothing upon the face of it to indicate that it belongs to this case. 2. That said paper does not purport, upon its face, to be a finding of the jury in this cause or in any cause. 3. That said paper, neither upon its face nor elsewhere, indicates in any manner that the jury assessed damages in this cause nor any other cause."

This motion was overruled; and the defendants alleged exceptions.

*C. Sewall*, for the defendants. 1. The paper handed by the jury to the clerk did not conform to the rule of the court, made and promulgated in pursuance of the Pub. Sts. *c.* 153, § 4, *cl.* 6. The paper does not appear to be a finding of the jury; nor does it appear that the jury ever assessed the damages, except, perhaps, by implication or inference. The record should be complete of itself, and not be subject to the uncertainty of implication or inference. The paper which the jury returned to court does not upon its face, nor elsewhere, indicate that it was a verdict in the case at bar. If by some clerical mishap this paper had been filed in another case, would the record make the verdict, or the verdict make the record, complete? The court has laid down a rule as a law for itself. Can a jury, of its own volition, change that rule? The record itself is deficient in not showing that there was either any finding of the jury, or any assessment of damages.

2. There are two defendants in this case. Is it to be assumed that the jury found against both, because they neglected to state that they found against either? In *Riley* v. *Williams*, 123 Mass. 506, an action against a husband and his wife, the jury returned a verdict as follows: "In the action C. C. Riley against W. A. Williams the jury find for the defendant." The court allowed the jury to amend their verdict by inserting the words "and wife" after the other name. Had that amendment not been made, would the record have been a bar to the plaintiff's proceeding against the wife? In *Emery* v. *Osgood*, 1 Allen, 244, where there were two plaintiffs, the court allowed the jury to amend their verdict by striking out the name of one of the plaintiffs who had deceased.

In a case where there are either two or more plaintiffs, or two or more defendants, the verdict should show conclusively upon

its face, in favor of which plaintiffs, or against which defendants, it is found, and not be a matter of conjecture.

*W. A. Pew, Jr.*, for the plaintiff.

By the Court. The paper signed by the foreman of the jury cannot be understood as anything else than a verdict for the plaintiff. Although it does not mention the name of the case in which it was rendered, the record of the court supplies this omission, as it shows that it was rendered in open court as the verdict in this case, and was filed in the case as such verdict. The exceptions are frivolous. *Exceptions overruled.*